# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-1494V
(not to be published)

| | |
|---|---|
| NINA CUPPLES, | Chief Special Master Corcoran |
| Petitioner, | Filed: June 12, 2023 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs |
| Respondent. | |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for Petitioner.

*Emily H Manoso, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 29, 2020, Nina Cupples filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration after receiving Prevnar 13, a pneumococcal conjugate vaccine, on November 6, 2017. Petition, ECF No. 1. On April 6, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 45.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $41,888.97 (representing $40,147.90 for attorney's fees and $1,741.07 for attorney's costs). Petitioner's First Amended Application for Attorney's Fees and Costs ("Motion") filed Apr. 24, 2023, ECF No. 50. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. ECF No. 50-4.

Respondent reacted to the motion on May 3, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 51. Petitioner filed a reply on May 3, 2023, stating that "Petitioner does not intend to file a substantive reply to Respondent's response." ECF No. 52.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2023 hourly rates as follows: $492 per hour for work performed by attorney John Howie, Jr., representing a rate increase of $26; and the hourly rate of $170 for work performed by paralegal Elisa Bautista, representing a rate increase of $10; Motion at 1-2. I find these hourly rates to be reasonable and will award the attorney's fees requested.

I note this case required additional briefing regarding the issue of site and route of vaccine administration. *See* Status Report (regarding a proposed briefing schedule), filed Feb. 28, 2022, ECF No. 31; Petitioner's Motion for a Factual Ruling, filed Apr. 13, 2022, ECF No. 32. Petitioner's counsel expended approximately 5.70 hours drafting her motion for a factual ruling. Attachment to Motion at 20. I find this amount of time to be reasonable. Furthermore, Petitioner has provided supporting documentation for all claimed costs. Attachment to Motion at 30-86. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$41,888.97 (representing $40,147.90 in attorney's fees and $1,741.07 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, John Howie, Jr.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master